COMFORT *v.* NORTON

No. 40660          February 10, 1958          100 So. 2d 342

*Gore & Gore, Curt W. McKewen,* Jackson, for appellant.

*Crisler, Crisler & Bowling,* Jackson, for appellee.

McGEHEE, C. J.

This appeal involves the right of custody, as between the natural parents, of a little girl, Kathryn Elizabeth Norton, who was born September 9, 1953. In a decree of

divorce granted unto the appellant, Mrs. Dorothy Yvonne Comfort, on July 12, 1954, the custody of this child was awarded to its said mother, with the right of visitation by the father on Wednesdays from 12 o'clock noon until 8 P. M., and at the week-end from Saturday noon until 8 P. M. on Sunday. The father of the child was ordered to pay the sum of $50 per month for its support and maintenance. He had complied with this decree fully and in all material respects until the decree was modified on February 18, 1957, upon the petition of the father, Dewey Arnold Norton, filed on October 4, 1956, to which the mother filed an answer and cross bill, and upon which petition for modification, answer and cross bill full proof was heard by the trial court, involving the testimony of approximately twenty witnesses. The chancellor recognized the equal rights of the natural parents under the law to have the custody of the child, where they were living separate and apart from each other, but from all of the testimony he found that it was to the best interest of the child that its permanent care, custody and control, for ten months out of each year, be awarded to the father, who had remarried and had provided a comfortable home for its care and custody, but that the mother should be awarded the care, custody and control of the child during the months of July and August of each year, with the right of visitation each week during the period of time fixed by the original decree of July 12, 1954, on the part of the parent who would not have its custody during the ten-month or the two-month period, as the case may be.

On December 2, 1955, before the mother remarried on December 17, 1955, she left the home of her parents where she had been caring for the child and moved into an apartment. Thereupon, she requested of the father of the child that he take and keep it for two or three weeks pending her adjustment to the new situation with which she was confronted. However, she left the child with its

father for a period of at least eight months without re-claiming its custody which had been awarded to her under the decree of July 12, 1954, and this fact doubtless influenced the chancellor in deciding that she was not as much interested in the welfare of the child as it's father.

Dewey Arnold Norton and his second wife were members of the Van Winkle Baptist Church, where they and the child were regular attendants at Sunday School and Church at the time of the modification of the original decree and had been for some time prior thereto. Mr. and Mrs. Comfort had become members of the Parkway Baptist Church in Jackson during the pendency of the proceeding for the modification of the original custody decree, and she had formerly been a member of the Van Winkle Baptist Church and Mr. Comfort had been a ministerial student. There was considerable testimony pro and con as to the attitude of the child in regard to which parent it desired to have its custody.

The chancellor out of a desire to hear the facts fully as to the best interest of the child admitted into evidence some incompetent testimony on this issue and in regard to the mother as to events which occurred prior to the decree of July 12, 1954, awarding her the custody of the child, and he heard testimony in regard to the suitability or unsuitability of Mr. Comfort as a cocustodian of the child, and some of which testimony antedated the decree of July 12, 1954, in the suit as to which Mr. Comfort was not a party. We think that this last mentioned testimony was competent and relevant on the hearing of the petition for a modification of the original custodial decree, since the decision reached by the trial court thereon would have affected the interest and welfare of the child if its custody had remained with the mother.

██ █ We have reached the conclusion that the admission of some incompetent testimony in regard to Mrs. Comfort as to events which transpired prior to the custodial decree of July 12, 1954, while erroneous, does

not constitute reversible error under all of the facts and circumstances of the case. In other words, without regard to this alleged incompetent testimony, we are of the opinion that the chancellor decided the cause on the basis of what he was amply warranted in believing was to the best interest of the child, even though it is unusual for the custody of a little girl of such tender years to be awarded to the father. This case was one peculiarly for the decision of the chancellor on conflicting testimony. This renders it unnecessary for us to recite in detail the various criminations and recriminations involved in the testimony, and to do so would serve no useful purpose. We think that the decree appealed from should be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.